UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

GWENDOLYN GREEN                          CIVIL ACTION

VERSUS                                   NO. 12-1582

HOLLYWOOD TRUCKS, L.L.C., ET AL          SECTION "C" (4)

ORDER AND REASONS

The Court previously ordered briefing directed to the issue whether diversity

and the jurisdictional amount existed at the time of removal.   Rec. Doc. 8.  Having

considered the record, the memoranda of counsel and the law, the Court has

determined that remand  pursuant to 28 U.S.C. § 1447(c) is appropriate for the following

reasons.

The parties may neither consent to nor waive federal subject matter jurisdiction.

Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the

removing party are insufficient to invest a federal court of jurisdiction.  Asociacion

Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v.

Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685

(1994).  Instead, the Fifth Circuit advises the district courts that they should review their

subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171

F.3d 295 (5th Cir. 1999).

In this matter, the plaintiff allegedly suffered injuries as a passenger on a bus in an accident with a vehicle owned by Hollywood Trucks, L.L.C. ("Hollywood Trucks") and driven by George Everett ("Everett").   Tokio Marine & Nichido Fire Insurance Co., Ltd. ("Tokio") and  Hartford Casualty Insurance Company ("Hartford") are being sued as the insurer for Hollywood Trucks and/or Everett under the Louisiana Direct Action Statute, La. Rev. Stat. § 22:655.  Rec. Doc. 1-2 at ¶ III.  This matter was previously remanded by this Court for the defendants' failure to establish the existence of the jurisdictional amount at the time of removal.  Rec. Doc. 1-4.   In that order, the Court specifically noted that the record lacked a discussion of the citizenship of Hollywood Trucks, despite its order for same.  *Id.*

In this removal petition and in their memorandum, Tokio and Hartford argue that Everett, the driver of the Hollywood Trucks vehicle, is diverse and was not an employee of Hollywood Trucks at the time of the accident and that the citizenship of Hollywood Trucks should be disregarded because it is improperly joined.  Rec.Doc. 1 at 8, Rec.Doc. 10-2 at 3-4.  The plaintiff oppose removal based on the arguments that Tokio and  Hartford are sued as the insurer of Hollywood Trucks, regardless of the status of the driver Everett, and the defendants can not establish "that there is absolutely no

possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court" for purposes of fraudulent joinder. *Griggs v. State Farm Lloyds*, 181 F.3d 694, 699 (5th Cir. 1999).

The Court agrees that the defendants have failed to establish fraudulent joinder against Hollywood Trucks, which is undisputedly the owner of the vehicle involved in the accident.  In addition, there is no dispute that the plaintiff is a Louisiana citizen and that Hollywood Trucks is a Louisiana citizen for diversity purposes being sued under the Louisiana Direct Action Statute.  Finally, under 28 U.S.C. § 1332(c), "in any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of ... every State and foreign state of which the insured is a citizen."  Therefore, even if Hollywood Trucks was not properly joined as a defendant, its citizenship would be imputed to Hartford and diversity is lacking.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C

*Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Civil

District Court for the Parish of Orleans, State of Louisiana, due to a lack of subject

matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 4th  day of February, 2013.

HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE

4